IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROBERT EUGENE COTNER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIV-14-137-HE |
| WARDEN McCOLLUM, et al., | ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging multiple violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In an Order entered on March 13, 2014, Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. # 8) was granted, and Plaintiff was ordered to pay a partial filing fee of $14.91 by March 31, 2014. The Court Clerk has docketed the receipt of $29.82 from Plaintiff on March 25, 2014.

A review of the case and Plaintiff's litigious history in this Court reveals that Plaintiff's Application for Leave to Proceed In Forma Pauperis was improvidently granted because Plaintiff is subject to the "three strikes" provision of the Prisoner Litigation Reform Act. Therefore, the Order granting Plaintiff leave to proceed in forma pauperis is VACATED.

1

Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.

28 U.S.C. § 1915(g). The Court has the discretion to revoke the privilege to proceed in forma pauperis when the previous grant of the privilege no longer serves its goals. Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996). Furthermore, the issue of strikes may be raised sua sponte. Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011).

Plaintiff has a long history of filing frivolous actions in this and other federal courts.[1] The Tenth Circuit Court of Appeals has, in fact, referred to Plaintiff as "another of the prodigious pro se filers who regularly inundate this and the federal district court with repetitive and largely frivolous filings." Cotner v. State of Okla. ex rel. County of Creek, 74 F.3d 1248 (Table), 1996 WL 6602, *1 (10th Cir. 1996)(unpublished op.)(internal quotation omitted). He is subject to filing restrictions in this Court, in the Tenth Circuit Court of

---

[1]Cotner v. Jones, No. 12-6276 (10th Cir. Dec. 10, 2012)(dismissing appeal for failure to pay filing fees in advance as required by 28 U.S.C. § 1915(g) and failure to comply with the filing restrictions set forth in Cotner v. Booner, No. 01-7096, 48 Fed.Appx. 287 (10th Cir. Sept. 13, 2002)(unpublished op.)). Cotner v. State of Okla., No. CIV-09-239-HE (W.D.Okla. Dec. 11, 2009)(Heaton, D.J.)(Order dismissing action under 29 U.S.C. § 1915A(b)(1). See Cotner v. Nichols, No. 95-5087, 1995 WL 649734, at *1 n. 3 (10th Cir. 1995)(unpublished op.)(upholding district court's imposition of filing restrictions and noting Mr. Cotner has filed "at least forty-four actions in the last twenty years)" and that the cases "typically involved frivolous motions and ignored procedural requirements"); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986)(affirming imposition of sanctions in civil rights actions).

Appeals, in the Supreme Court, and even in the Oklahoma Court of Criminal Appeals because of his numerous, frivolous filings. Cotner v. Boone, 48 Fed.Appx. 287, 290 (10th Cir. 2002)(unpublished op.)(establishing filing restrictions in original habeas actions filed in circuit court or appeals from the denial of a habeas petition); Cotner v. Boone, 530 U.S. 1271 (2000)(restricting Mr. Cotner from filing further petitions for writ of certiorari in civil matters unless he has paid a docketing fee and submitted the petition in compliance with Supreme Court Rule 33.1); Cotner v. Creek County Dist. Court, 911 P.2d 1215, 1218, 1221 (Okla. Crim. App. 1996).

Therefore, because Plaintiff has three or more "strikes" within the meaning of 28 U.S.C. § 1915(g), Plaintiff must make a specific credible allegation that he is under imminent danger of serious physical harm before he is not entitled to proceed in this action without prepayment of the full $400.00 filing fee. 28 U.S.C. § 1915(g); Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011)(internal quotation marks omitted).

Plaintiff filed an original Complaint in this action, and because of pleading deficiencies in that Complaint he was directed to file an amended complaint "that satisfies the requirements of Rule 8(a)." Order (Doc. # 14). Plaintiff has now filed an Amended Complaint (Doc. # 15).

Plaintiff's Amended Complaint suffers from the same pleading deficiencies as his original Complaint. He has alleged in vague and conclusory terms that he is at risk of serious physical injury and death. The gist of this allegation, however, is that he is being forced to cell with violent inmates, a circumstance that can be said to be the result of incarceration in

general. The allegation certainly does not present sufficient facts to demonstrate an imminent danger of serious physical harm. Plaintiff alleges certain inmates "threatened to beat him up," but Plaintiff then admits he was not assaulted. Again, this allegation does not present a credible claim of imminent danger of serious physical harm. Plaintiff has raised claims in the Amended Complaint that appear to challenge the conditions of his confinement. For instance, Plaintiff alleges that he has been denied medical treatment for his "toes or hernia for 5 years," but Plaintiff fails to provide any details that demonstrate he is in imminent danger of serious harm specifically related to a medical condition. He alleges that he "fell" because of "pain in his toes," but this allegation describes a previous injury, not an imminent danger of injury.

A careful review of Plaintiff's pleadings shows that Plaintiff has not demonstrated a specific, credible threat of imminent danger of serious physical harm. Plaintiff has not satisfied the imminent-danger exception to § 1915(g), and the action should be dismissed unless he pays the full filing fee by April 27th, 2014.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice unless he pays the full filing fee by __April 28th__, 2014. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by __April 28th__, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation

4

would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  7th  day of   April  , 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE